**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES P. NOLAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **Case No.:** |
| ) | |
| PENN CREDIT CORP., ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| Defendant. ) | |
| ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

NOW COMES the Plaintiff, JAMES P. NOLAN, ("Plaintiff") by and through his attorneys, KIMMEL & SILVERMAN, PC, for his complaint against the Defendant, PENN CREDIT CORP. "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

4. Defendant conducts business within the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is an individual who is a resident of Ashburnham, Massachusetts 01430.

7. Defendant is a national debt collection company with corporate headquarters located at 916 S. 14th St., Harrisburg, Pennsylvania 17104.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all times relevant, Defendant was attempting to collect an alleged consumer debt, originally owed to Verizon.

11. The alleged debt at issue arose out of transactions, which were primarily for person, family, or household purposes.

12. Plaintiff disputes that he owes the Verizon debt.

13. By way of background, Defendant's representatives placed repeated harassing calls to Plaintiff's home telephone number in order to collect the alleged Verizon debt beginning in or around 2010.

14. Defendant's harassing calls persisted through May 2011.

15. On numerous occasions, Plaintiff informed Defendant's representatives that he does not owe this debt and demanded that such calls cease.

16. Despite Plaintiff's insistence, Defendant's representatives continued their harassing collection calls.

17. Defendant's representatives called from numbers including, but not limited to (800) 900-1367. The undersigned has confirmed that this number belongs to Defendant.

18. Often times, Defendant's representatives called Plaintiff more than four (4) times in a single day.

19. Defendant's representatives regularly called Plaintiff in excess of twenty (20) times per month.

20. On numerous occasions, Defendant's representatives called Plaintiff back, immediately after Plaintiff hung up the telephone.

21. Defendant took the actions described herein with the intent to harass, annoy, upset, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

22. In its actions to collect a disputed debt, Defendant violated the FDCPA in the following ways:

    a. Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of a debt;

    b. Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly, in connection with the collection of a debt;

    c. Using false, deceptive, or misleading means in connection with the collection of a debt in violation of 15 U.S.C. §1692e;

    d. Defendant violated § 1692e of the FDCPA when it made deceptive or

misleading representations, in connection to the collection of the alleged debt from Plaintiff;

    e. Defendant violated § 1692e(2)(A) of the FDCPA when it made false representations of the character, amount or legal status of a debt;

    f. Defendant violated §1692f of the FDCPA by engaging in conduct that was unconscionable and unfair; and

    g. Defendant violated §1692f(1) of the FDCPA by collecting an amount not authorized by an agreement creating the debt or permitted by law.

WHEREFORE, Plaintiff, JAMES P. NOLAN, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JAMES P. NOLAN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED:  January 16, 2012         KIMMEL & SILVERMAN, P.C.

/s/ CRAIG THOR KIMMEL
Craig Thor Kimmel
KIMMEL & SILVERMAN, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone:  (215) 540-8888
Fax:  (877) 778-2864
Email: kimmel@creditlaw.com

PLAINTIFF' COMPLAINT